United States District Court

Eastern District of California

Carl Smith,

    Petitioner

vs.

Rosanne Campbell, Warden,

    Respondent.

No. Civ. S 04-0646 LKK PAN P

Order

-oOo-

    Petitioner, a prisoner without counsel, seeks a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent[1] moves to dismiss upon the ground the petition is untimely. Petitioner filed no opposition.

    On May 24, 1996, petitioner, represented by counsel, entered a plea of guilty to and was convicted of three counts of battery with serious injury and one count of second degree murder. On

---

[1] Rosanne Campbell, Warden of Mule Creek State Prison, is substituted as respondent. See Rule 2(a), Rules Governing § 2254 Proceedings; Fed. R. Civ. P. 25(d).

1  June 20, 1996, petitioner was sentenced.  He did not appeal.

2  On November 25, 1997, petitioner filed a petition for a writ
3  of habeas corpus in the Kern County Superior Court claiming trial
4  counsel was ineffective by permitting him to enter a plea of
5  guilty to second degree murder.  On December 17, 1997, the court
6  denied relief on the merits.

7  On May 27, 1998, petitioner filed a second petition for a
8  writ of habeas corpus in the Kern County Superior Court claiming
9  he was not competent to proceed when he entered his plea of
10 guilty and counsel was ineffective by permitting petitioner to
11 enter the plea.  On June 18, 1998, the court denied relief on the
12 merits.

13 June 12, 2001, petitioner filed a third petition for a writ
14 of habeas corpus in the Kern County Superior Court claiming trial
15 counsel falsely advised him the assistant state attorney promised
16 to recommend petitioner receive concurrent sentences in exchange
17 for a plea of guilty to second degree murder, failed to
18 investigate petitioner's mental state before petitioner entered a
19 plea of guilty, and advised petitioner to enter a plea of guilty
20 because no judge or jury would believe petitioner's defense.  The
21 court denied relief July 3, 2001, upon the ground state law
22 prohibits petitioners from presenting their contentions
23 piecemeal. See In re Clark 5 Cal.4th 750 (1993).

24 On March 25, 2004, petitioner filed his federal petition.

25 A one-year limitation period for seeking federal habeas
26 relief begins to run from the latest of the date the judgment

2

became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). A properly filed state post conviction application tolls the statute of limitations. 28 U.S.C. § 2244(d)(2).

For purposes of statutory tolling, a properly filed post conviction application in a California court is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. Carey v. Saffold, 536 U.S. 214, 223 (2002). A California prisoner who files habeas petitions in any state court is entitled to interval tolling for the time between properly filed and pending petitions containing overlapping or identical claims, at least some of which were litigated continuously. Gaston v. Palmer, 417 F.3d 1030 (9th Cir. 2005). But a state habeas petition filed after the federal limitation period expires cannot re-initiate the limitation period. Fergusun v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Since petitioner did not appeal, his conviction became final August 19, 1996, 60 days from the date judgment was entered. See Cal. Rules of Court, Rule 31(a). Petitioner therefore had until August 19, 1997, to file a federal habeas petition. Absent tolling, petitioner's March 25, 2004, federal petition is untimely.

1  Petitioner's three state habeas petitions provide no basis
2  for statutory tolling because they were filed after the
3  limitation period expired.
4  Since petitioner filed no opposition, the question of
5  equitable tolling is not presented.  See Miranda v. Castro, 292
6  F.3d 1063, 1065 (9th Cir. 2002) (petitioner not entitled to
7  equitable tolling where he failed to establish extraordinary
8  circumstances beyond his control prevented him from timely
9  filing).
10  For these reasons, the court finds petitioner's March 25,
11  2004, federal habeas petition is untimely.
12  This action is dismissed.
13  IT IS SO ORDERED.
14  DATED:  September 22, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4